UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEVIN SIMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-02000-JRS-KMB |
| | ) |
| CHILDERS Ms., Nurse, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER DENYING MOTION TO ENFORCE SETTLEMENT AGREEMENT

Defendant Nurse Carolyn Childers has filed a motion asking the Court to enforce a settlement agreement she allegedly reached with Plaintiff Kevin Sims. For the following reasons, the motion is **DENIED**. Dkt. 51.

### I. RELEVANT BACKGROUND

According to Nurse Childers' motion, Mr. Sims rejected an initial settlement offer during a phone call on October 12, 2023, but then accepted a counteroffer made by Nurse Childers' attorney to resolve this case. Dkt. 51 at 1. Nurse Childers does not detail the terms to which the parties agreed during their phone call.

Nurse Childers' counsel mailed Mr. Sims a written settlement agreement on October 17, 2023. Dkt. 51-1 at 6-12. The agreement contains seven pages and details that Mr. Sims will accept a monetary payment in exchange for dismissal of his claims against Nurse Childers. It also includes numerous other provisions regarding items like fees and costs, release of related claims, mutual confidentiality, non-disparagement, and remedies for breach of the agreement.

Mr. Sims responded with a letter stating that he reconsidered Nurse Childers' offer and wished to reject it. Dkt. 51-1 at 1. During a Telephonic Status Conference on the record on January

19, 2024, Mr. Sims stated that he felt rushed during the October 12 phone call with Nurse Childers' counsel and that he no longer wished to settle his claims against Nurse Childers once he had had an opportunity to consider the counteroffer. Dkt. 59. Nurse Childers now asks the Court to enforce what she believes to be an enforceable settlement agreement with Mr. Sims. Dkt. 51.

## II. LEGAL STANDARD

A federal court's authority over a case pending before it includes authority to enforce a settlement agreement that the parties have executed but not satisfied. *Carr v. Runyan*, 89 F.3d 327, 331 (7th Cir. 1996). "A settlement agreement is merely a contract between the parties to the litigation." *Id.* at 327. "As such, the formation, construction, and enforceability of a settlement agreement is governed by local contract law." *Id.*

Indiana contract law holds that a contract is formed when one party extends an offer, the other accepts, and both parties give consideration for the agreement. *Ellison v. Town of Yorktown*, 47 N.E.3d 610, 617 (Ind. Ct. App. 2015). "When a court finds a contract to be clear in its terms and the intentions of the parties apparent, the court will require the parties to perform consistently with the bargain they made." *First Fed. Sav. Bank of Ind. v. Key Markets*, 559 N.E.2d 600, 604 (Ind. 1990). Enforcement is only proper, however, if the Court "can have reasonable confidence that it knows what the contract means." *Hakim v. Payco-Gen. Am. Credits, Inc.*, 272 F.3d 932, 935 (7th Cir. 2001) (internal quotation omitted).

"To be valid and enforceable, a contract must be reasonably definite and certain." *Zukerman v. Montgomery*, 945 N.E.2d 813, 819 (Ind. Ct. App. 2011). A court can neither "construe unambiguous provisions nor add provisions not agreed upon by the parties." *Id.* "Only essential terms need be included to render a contract enforceable," but the Court "cannot make a contract for the parties . . . or supply omitted terms." *Id.*; *see also Bioconvergence LLC v. Attariwala*, 2020

WL 11886040, at *10 (S.D. Ind. 2020) ("While Indiana law permits the formation of an enforceable contract referencing a future and final agreement, any preliminary agreement becomes enforceable only if it expresses all the essential terms to be incorporated into the final agreement.").

### III. DECISION

Based on the record before it, the Court cannot conclude that an enforceable settlement agreement was reached between Mr. Sims and Nurse Childers on the phone call on October 12, 2023.  While there is no dispute that Mr. Sims orally agreed to accept a monetary payment in exchange for dismissal of his claims against Nurse Childrens, it is also undisputed that it was a rushed conversation and he changed his mind after seeing the seven pages of terms he would need to sign.  As a broad matter, "a change of heart after [a party] had agreed to the ... settlement does *not* undo the agreement.  A party who has previously authorized a settlement remains bound to its terms even if [he] changes [his] mind." *Clark v. Fam. Dollar Stores of Indiana, LLC*, 2021 WL 8269511, at *3 (S.D. Ind. 2021) (emphasis added), report and recommendation adopted, 2022 WL 2301898 (S.D. Ind. 2022).  But here, the Court cannot conclude that there was a meeting of the minds on the essential terms on which to settle Mr. Sims' claims against Nurse Childers during the phone call on October 12, 2023.  For example, the written agreement sent after the phone call includes material terms such as confidentiality and non-disparagement, and it is not clear whether those terms were discussed or agreed to during the phone call.  For these reasons, based on the record before it, the Court cannot conclude that Mr. Sims and Nurse Childers reached an enforceable settlement agreement on the phone call, and Nurse Childers' motion to enforce must be denied.  Dkt. 51.

## IV. CONCLUSION

For the reasons set forth herein, Nurse Childers' Motion to Enforce Settlement, dkt. [51], is **DENIED**.

**IT IS SO ORDERED.**

Date: 2/23/2024

*Kellie M. Barr*

Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

KEVIN SIMS
233219
NEW CASTLE – CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362

Laura K. Binford
RILEY BENNETT EGLOFF LLP
lbinford@rbelaw.com

Jaclyn Michelle Flint
RILEY BENNETT EGLOFF LLP
jflint@rbelaw.com

Joseph Thomas Lipps
BBFCS ATTORNEYS
jlipps@bbfcslaw.com

Matthew B. Steinberg
Quintairos, Prieto, Wood & Boyer
matthew.steinberg@qpwblaw.com

Alexandria C. Whittington
QUINTAIROS, PRIETO, WOOD & BOYER, P.A.
444 East Main Street, Suite 201
Lexington,, KY 40507